UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

D. HONORÉ CONSTRUCTION, LLC                    CIVIL ACTION

Versus                                          NO.: 11-2881

PANHANDLE METAL FABRICATION, INC.               SECTION: "F"

ORDER AND REASONS

Before the Court is the defendant's motion for partial summary judgment on the plaintiff's breach of contract claim. For the reasons that follow, the motion is DENIED.

## I. Background

This case involves a dispute over a construction sub-contract. Defendant Panhandle Metal Fabrication bid for, and won, a subcontract with D. Honoré Construction, L.L.C., to perform metal-working on the renovation and addition of the Department of Kinesiology & Health Studies & College of Nursing at Southeastern Louisiana University. The parties executed the contract on December 15, 2009. Defendant had successfully bid the job for $413,400.

Panhandle argues that despite their agreement in December 2009, D. Honoré Construction delayed the start of the project until February 2011, more than one year after the parties signed the contract. Due to the delay, Panhandle asserts that the price of metals the defendant would use in performing the work had increased significantly, and raised by $150,000 the cost of the

1

work Panhandle was obliged to complete. Accordingly, on February 14, 2011, Panhandle sought an additional $150,000 from Honoré, who responded that the State of Louisiana would not agree to the price increase, and that if Panhandle did not perform the work at the agreed price, Panhandle would be in default. Panhandle did not begin work on the subcontract.

Honoré sued Panhandle in Louisiana state court on October 18, 2011. Plaintiff sued for breach of contract for non-performance, for delay in performance, for negligence, and for attorney's fees. Invoking this Court's diversity jurisdiction, Panhandle removed the case on November 18, 2011. D. Honoré Construction is a Louisiana corporation; Panhandle is a resident of Florida. Panhandle answered the complaint and asserted a counterclaim, seeking money from Honoré for costs that Panhandle incurred as a result of Honoré's alleged delay in sending the Notice to Commence Work.

## II. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine

issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

### III. Discussion

The Court denies the defendant's motion for partial summary judgment because genuine issues of material fact quite obviously

3

are at issue, making summary relief patently inappropriate.

Louisiana law provides that "if no time for performance is stated in a contract, a reasonable time is to be determined from the circumstances surrounding the formation of the contract and how the parties themselves looked upon the time element." <u>Owens v. Robinson</u>, 329 So. 2d 766, 767 (La.App. 2 Cir. 1976).  The contract in this case required the plaintiff to provide notice to the defendant "to proceed, whether written or verbal," and the contract also stated that "time is of the essence."  Beyond that, however, the agreement is silent.  Despite plaintiff's unsupported assertion that the defendant's submittal package was a condition precedent to plaintiff giving notice, nothing in the contract states that this is the case.

Because the agreement is silent on the question of when performance was due, the Court must be guided by the default Louisiana rule of a "reasonable time," to be inferred from the circumstances of the case.  The factual circumstances, all of which are genuine, material, and in dispute.

Accordingly, IT IS ORDERED: the defendant's motion for partial summary judgment is DENIED.

New Orleans, Louisiana, May 16, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE